**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-22-0000687**
**22-SEP-2025**
**07:56 AM**
**Dkt. 174 MO**

NO. CAAP-22-0000687


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


GERARDO DENNIS PATRICKSON; BENIGNO TORRES HERNANDEZ; FERNANDO
JIMENEZ ARIAS; ELIAS ESPINOSA MERELO; ALIRIO MANUEL MENDEZ; and
CARLOS HUMBERTO RIVERA, individually and on behalf of others
similarly situated, Plaintiffs-Appellants,
v.
DOLE FOOD COMPANY, INC., Defendant/Third-Party Plaintiff-
Appellee, DOLE FRESH FRUIT COMPANY; SHELL OIL COMPANY; DOW
CHEMICAL COMPANY; OCCIDENTAL CHEMICAL CORPORATION, (individually
and as successor to Occidental Chemical Company and Occidental
Chemical Agricultural Products, Inc., Hooker Chemical and
Plastics, Occidental Chemical Company of Texas and Best
Fertilizer Company); STANDARD FRUIT COMPANY; STANDARD FRUIT AND
STEAMSHIP COMPANY; DEL MONTE FRESH PRODUCE N.A., INC.; DEL MONTE
FRESH PRODUCE (HAWAIʻI) INC. (previously incorrectly named as Del
Monte Fresh Produce Hawaiʻi, Inc.), Defendants-Appellees, and
DEAD SEA BROMINE CO, LTD.; BROMINE COMPOUNDS, LIMITED,
Third-Party Defendants-Appellees,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; and DOE
CORPORATIONS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC071000047)

**MEMORANDUM OPINION**
(By:  Nakasone, Chief Judge, McCullen and Guidry, JJ.)

Plaintiffs-Appellants Gerardo Dennis Patrickson (**Patrickson**), Benigno Torres Hernandez (**Torres Hernandez**), Fernando Jimenez Arias (**Arias**),[1] Alirio Manuel Mendez (**Mendez**), and Carlos Humberto Rivera (**Rivera**) (collectively, the **Plaintiffs**)[2] appeal from the September 14, 2022 Final Judgment filed in the Circuit Court of the First Circuit (**circuit court**).[3] Defendant/Third-Party Plaintiff-Appellee is Dole Food Company, Inc.; Defendants-Appellees are Dole Fresh Fruit Company, Shell Oil Company, Dow Chemical Company, Occidental Chemical Corporation, Standard Fruit Company, Standard Fruit and Steamship Company, Del Monte Fresh Produce N.A., Inc., and Del Monte Fresh Produce (Hawaiʻi) Inc. (collectively, the **Defendants**).[4]

## I.    Background

The Plaintiffs are from Costa Rica, Guatemala, Panama, and Ecuador; they allege injuries caused by exposure to the

---

[1]    Arias is also referenced in the parties' briefs as "Jimenez," "Jimenez Arias," and "Jimenez-Arias."  For consistency, this memorandum opinion will refer to him as Arias.

[2]    Plaintiff Elias Espinoza Merelo, who is deceased, was dismissed from the case below, and his claims will not be discussed herein.

[3]    The Honorable Gary W.B. Chang presided.

[4]    Dole Food Company, Inc., Dole Fresh Fruit Company, Standard Fruit Company, and Standard Fruit and Steamship Company are collectively referred to as the **Dole Defendants**.  Shell Oil Company is referred to as **Shell**.  Dow Chemical Company is referred to as **Dow**.  Occidental Chemical Corporation is referred to as **Occidental**.  Del Monte Fresh Produce N.A., Inc., and Del Monte Fresh Produce (Hawaiʻi) Inc. are collectively referred to as the **Del Monte Defendants**.

chemical pesticide dibromochloropropane (**DBCP**) in their home countries. The Plaintiffs alleged that the Defendants were either the Plaintiffs' employers, or manufacturers or distributors of DBCP, and were therefore responsible for the Plaintiffs' exposure to DBCP.

The Plaintiffs' litigation commenced in 1997. The Defendants removed the case to the United States District Court for the District of Hawaiʻi. The case was remanded to the circuit court in 2015.[5]

The following procedural history is relevant to the present appeal. On May 3, 2019, the circuit court issued a case management order (**CMO**) that set trial for the week beginning September 21, 2020. The CMO set the "[w]indow of time to complete [the P]laintiffs' depositions" as September 1, 2019 through November 1, 2019. The discovery cut-off date was set for June 2, 2020. The Plaintiffs and Defendants agreed that the Plaintiffs would appear for medical examinations in Houston, Texas, and that the Plaintiffs would be deposed in Houston. The circuit court issued an order, dated May 6, 2019, that "allowed" the Plaintiffs to travel to Houston "for purposes of medical

---

[5] The extensive procedural history of this case, prior to the 2015 remand to the circuit court, is set forth in Patrickson v. Dole Food Co., 251 F.3d 795 (9th Cir. 2001), Dole Food Co. v. Patrickson, 538 U.S. 468 (2003), Patrickson v. Dole Food Co., No. 30700, 2014 WL 895186 (Haw. App. Mar. 7, 2014) (mem. op.), and Patrickson v. Dole Food Co., 137 Hawaiʻi 217, 368 P.3d 959 (2015).

examinations and depositions, and to expedite the issuance of any necessary travel visas for those Plaintiffs."

Dow's counsel agreed to calendar the Plaintiffs' depositions for the week of October 28 to November 1, 2019, the last week allowed under the circuit court's CMO, in order "to accommodate [the] Plaintiffs' counsel's schedule." Torres Hernandez, Rivera, and Mendez failed to appear for their depositions in Houston. As a sanction, the circuit court entered its March 24, 2020 order (**sanction order**) "striking [Torres Hernandez, Rivera, and Mendez] as witnesses, as well as any other evidence or testimony that is in any way dependent upon statements by or from [these] plaintiffs."

The circuit court disposed of the Plaintiffs' claims as follows:

### A.   Patrickson's Claims

Patrickson filed claims against all Defendants. On December 31, 2020, Patrickson filed a motion for partial summary judgment[6] to preclude the Defendants' "payment and release affirmative defense."[7] On January 20, 2021, the Dole Defendants

---

[6]   Motion for summary judgment is abbreviated to **MSJ** in this opinion.

[7]   Patrickson admitted that, in 2006, he signed a document releasing the Costa Rican National Insurance Institute (**NII**) from liability "for the suffering [of Patrickson] caused by exposure to chemicals known by the acronym DBCP while [Patrickson] worked in the banana farms during the time between the years 1967-1979," in exchange for 683,000 colones, the equivalent of $1,200 in U.S. currency at the time.

filed a cross-MSJ as to Patrickson's claims, based on the payment and release defense. The Dole Defendants' payment and release defense asserted that the NII payment "bars Patrickson's claims in full." Occidental, Dow, Shell, and the Del Monte Defendants joined the Dole Defendants' cross-MSJ.

On March 8, 2021, the circuit court entered an order denying Patrickson's MSJ on the Defendants' payment and release defense. On the same day, the circuit court entered an order granting Occidental, Dow, Shell, and the Del Monte Defendants' joinder to the Dole Defendants' cross-MSJ, and granted summary judgment in favor of the joining defendants. On June 7, 2021, the circuit court entered an order granting summary judgment in favor of the Dole Defendants as to Patrickson's claims, thereby disposing of Patrickson's claims in this action.

B.   **Torres Hernandez's Claims**

Torres Hernandez filed claims against all Defendants. On April 29, 2021, Torres Hernandez stipulated to the dismissal with prejudice of his claims against Dow and the Del Monte Defendants. On the same day, the Dole Defendants filed an MSJ as to Torres Hernandez's claims, which Shell joined. Torres Hernandez stipulated to dismissing his claims against Occidental without prejudice on August 12, 2021. On October 6, 2021, the circuit court entered an order granting the Dole Defendants' MSJ as to Torres Hernandez. The following day, the circuit court

5

granted Shell's substantive joinder in the Dole Defendants' MSJ, thereby fully disposing of Torres Hernandez's claims.

### C. Arias' Claims

Arias filed claims against all Defendants. Arias stipulated to the dismissal with prejudice of his claims against the Dole Defendants on May 13, 2021, and to the dismissal without prejudice of his claims against Occidental on August 12, 2021. On May 13, 2021, Shell filed an MSJ as to Mendez, Rivera, and Arias' claims. The Plaintiffs' June 16, 2021 memorandum in opposition to Shell's MSJ represented that Arias "[did] not oppose summary judgment as to [Arias'] claims against Shell." The circuit court entered its October 7, 2021 order granting summary judgment in favor of Shell and against Arias. On December 22, 2021, Dow filed an MSJ as to Arias' claims, which the Del Monte Defendants joined. On February 27, 2022, Arias stipulated to the dismissal with prejudice of all of his claims against Del Monte Fresh Produce (Hawai'i) Inc. On May 6, 2022, the circuit court granted the MSJ and joinder in favor of Dow and Del Monte Fresh Produce N.A., Inc., thereby disposing of Arias' remaining claims.

### D. Mendez's Claims

Mendez filed claims against the Del Monte Defendants, Dow, Shell, and Occidental. Mendez did not file a claim against the Dole Defendants, and he stipulated to the dismissal without

prejudice of his claims against Occidental on September 22, 2021. The circuit court granted summary judgment in favor of Shell and against Mendez, among others, on October 7, 2021. On January 19, 2022, the Del Monte Defendants filed an MSJ as to Mendez's claims, which Dow joined. On February 27, 2022, Mendez stipulated to the dismissal with prejudice of all of his claims against Del Monte Fresh Produce (Hawai'i) Inc. The circuit court subsequently granted the MSJ and joinder in favor of Del Monte Fresh Produce N.A., Inc. and Dow, thereby fully disposing of Mendez's claims.

**E.    Rivera's Claims**

Rivera filed claims against the Del Monte Defendants, Dow, Shell, and Occidental. Rivera did not file a claim against the Dole Defendants, and stipulated to the dismissal without prejudice of his claims against Occidental on September 22, 2021. The circuit court granted summary judgment in favor of Shell and against Rivera, among others, on October 7, 2021. On January 19, 2022, the Del Monte Defendants filed an MSJ as to Rivera's claims, which Dow joined. On February 27, 2022, Rivera stipulated to the dismissal with prejudice of all of his claims against Del Monte Fresh Produce (Hawai'i) Inc. The circuit court subsequently granted the MSJ and joinder in favor of Del Monte Fresh Produce N.A., Inc. and Dow, thereby fully disposing of Rivera's claims.

**F.    Final Judgment**

On September 14, 2022, the circuit court entered its Final Judgment in favor of all Defendants against all the Plaintiffs, incorporating the orders and stipulations referenced supra.  The Final Judgment stated that joinders to motions filed below were "ruled upon in the same or similar fashion as the underlying motions."

## II.    Points of Error

**A.    Points of Error A and C.**

Plaintiffs' point of error A contends that the circuit court erred in granting the Defendants' motion to apply foreign law to the Plaintiffs' "intentional tort" claim, which the Plaintiffs clarified to be a fraud claim.  Plaintiffs' point of error C contends that the circuit court erred in ruling, through an October 8, 2020 minute order, that foreign law would apply to the Defendants' payment and release defense.  The Plaintiffs do not present any argument on these points, and therefore, these points of error are waived on appeal.  See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7) ("Points not argued may be deemed waived."); Haw. Ventures, LLC v. Otaka, Inc., 114 Hawaiʻi 438, 478, 164 P.3d 696, 736 (2007) (holding that the "court is not obliged to address matters for which the appellant has failed to present discernible arguments").

**B.    Point of Error B.**

Plaintiffs' point of error B contends that the circuit court erred in entering its March 24, 2020 sanction order striking Torres Hernandez, Mendez, and Rivera as witnesses, "as well as any other evidence or testimony that is in any way dependent upon [their] statements."  Sanctions for discovery violations or abuses, including the striking of witnesses, are reviewed for abuse of discretion.  Weinberg v. Dickson-Weinberg, 123 Hawai'i 68, 71, 229 P.3d 1133, 1136 (2010).

The record reflects that only the Dole Defendants objected to an extension.  Dow, Occidental, Shell, and the Del Monte Defendants all agreed, in fact, to reschedule the depositions for the Plaintiffs to a date no later than December 13, 2019.  And because the discovery cut-off at the time was June 2, 2020, there was little risk of prejudice to the Defendants in extending the deadline for the Plaintiffs' depositions.

Moreover, the reasons the Plaintiffs offered for their inability to meet the November 1, 2019 deposition deadline (e.g., medical issues, an employer's unwillingness to allow time off for the deposition, and counsel's loss of contact with Mendez and Rivera due to their remote location) did not display evidence of bad faith.  Plaintiffs' counsel offered to make the

Plaintiffs available for depositions in their home countries, via telephone or other remote electronic means.

We therefore conclude that the circuit court abused its discretion in striking Torres Hernandez, Mendez, and Rivera as witnesses, and by excluding any evidence or testimony dependent upon their statements.

**C.   Points of Error D and E.**

Plaintiffs' points of error D and E contend that the circuit court erred in denying their motion for partial summary judgment on the Defendants' payment and release defense and the corresponding grant of summary judgment in favor of the Defendants on Patrickson's claims.

"On appeal, the grant or denial of summary judgment is reviewed de novo." Ralston v. Yim, 129 Hawaiʻi 46, 55, 292 P.3d 1276, 1285 (2013) (citation omitted).  The court applies the following standard,

> [S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties.  The evidence must be viewed in the light most favorable to the non-moving party.  In other words, we must view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.

Id. at 55-56, 292 P.3d at 1285-86 (citation omitted).

In 2006, Patrickson signed a document releasing the NII in exchange for monetary compensation he received under Costa Rica Law 8130.  Pursuant to Costa Rican law, employers must provide employees with workers' compensation insurance, and the insurance is administered by the NII.  The Plaintiffs and Defendants agree that the payments provided by Costa Rica Law 8130 are outside of and separate from Costa Rica's workers' compensation scheme, and that Costa Rican law does not permit double recovery of damages.  The Plaintiffs and Defendants disagree, however, as to how Costa Rican courts would interpret the language in Patrickson's release.

Patrickson's release stated, in pertinent part:

> The undersigned, [Patrickson], . . . hereby certify that I have received from the Occupational Hazard Department of the [NII] the sum of ¢683,000.00 (SIX HUNDRED EIGHTY THREE THOUSAND COLONES) as payment of the compensation agreed to between the undersigned, CONATRAB and the NII.  This compensation is for the suffering caused by exposure to chemicals known by the acronym DBCP while I worked in the banana farms during the time between the years 1967-1979. This payment has been determined by means of a percentage as the result of an agreement between the NII's Medical Commission and CONATRAB.  **With the aforementioned sum I deem myself to be completely satisfied and compensated and thus discharge the NII of any present or future liability related to this claim.  Furthermore, from this moment I am committed to not filing and/or withdrawing any administrative or legal claim against the NII, related to the suffering compensated herein.**  That is all.  In agreement hereof I sign in the city of San Jose, at the headquarters of the [NII], at twelve hours and thirty minutes of September twelve of Two Thousand Six.

(Emphasis added.)

The Defendants submitted sworn statements of their experts, Anabelle León Feoli (**Feoli**) and Víctor Garita (**Garita**),

in support of their MSJ. Feoli and Garita opined that Patrickson's release, namely his statement that "I deem myself to be completely satisfied," effectively "extinguished" his claims against all other parties. Patrickson's expert Alejandro M. Garro (**Garro**), however, interpreted "the plain text of the Patrickson Release, construed in light of the principles and rules of Costa Rican law" as "intended to discharge the [NII] from all liability, and the [NII] only, that is, in relation only to [Patrickson's] compensation claim against the [NII]."

Pursuant to Hawai'i Rules of Civil Procedure (**HRCP**) Rule 44.1, a court's determination of foreign law "shall be treated as a ruling on a question of law." Therefore, we review the circuit court's interpretation of foreign law de novo. See Mikelson v. United Servs. Auto. Ass'n, 107 Hawai'i 192, 197, 111 P.3d 601, 606 (2005).

Here, we conclude that the circuit court was wrong in denying the Plaintiffs' motion for partial summary judgment on the Defendants' payment and release defense, and in granting summary judgment for the Defendants as to Patrickson's claims. Pursuant to the plain language of the release, Patrickson expressly and only "discharge[d] **the NII** of any present or future liability related to this claim." (Emphasis added.)

Moreover, the Defendants offered no legal argument, beyond the conclusory statements of their experts, to support

their claims that, under Costa Rican law, Patrickson's release bars actions against third parties such as the Defendants. These statements, without more, appear inconsistent with the Costa Rican Supreme Court's acknowledgement that settlements pursuant to Costa Rica Law 8130 do not automatically bar plaintiffs from bringing additional claims for compensation.

We therefore vacate the circuit court's June 7, 2021 order granting summary judgment to the Dole Defendants as to Patrickson's claims, and the March 8, 2021 orders denying Patrickson's motion for partial summary judgment, and granting Occidental, Shell, Dow, and the Del Monte Defendants' substantive joinder in the Dole Defendants' MSJ.

**D.    Point of Error F.**

Plaintiffs' point of error F contends that the circuit court erred in entering its October 6, 2021 order granting the Dole Defendants' MSJ as to Torres Hernandez's claims.

As discussed supra, the circuit court erred in its sanction order striking Torres Hernandez's testimony and preventing Torres Hernandez from introducing evidence or testimony based on his statements.  The October 6, 2021 order is therefore vacated.

**E.    Points of Error G and I.**

Plaintiffs' point of error G contends that the circuit court erred in entering its October 7, 2021 order granting

13

Shell's MSJ as to Mendez, Rivera, and Arias' claims. Plaintiffs' point of error I contends that the circuit court erred in entering its April 4, 2022 order granting the Del Monte Defendants' MSJ as to Mendez and Rivera's claims, and in entering its May 6, 2022 order granting Dow's MSJ as to Arias.

As discussed supra, the circuit court erred in entering its sanction order that prevented Mendez and Rivera from submitting their testimony or any evidence based on their statements. The October 7, 2021 and April 4, 2022 orders must therefore be vacated as to Mendez and Rivera.

Arias, who appeared for depositions, introduced excerpts from his deposition transcript. We determine that Arias' deposition testimony raises genuine issues of material fact as to his alleged exposure to DBCP while working six to seven days a week for over two years on the Del Monte Defendants' plantations, and the adverse effects of this alleged exposure on his health. We therefore vacate the May 6, 2022 order as to Arias.

We further conclude, however, that Arias' expressed non-opposition to Shell's MSJ precludes Arias from challenging the October 7, 2021 order on appeal. We therefore affirm the October 7, 2021 order as to Arias.

For the foregoing reasons, we vacate the October 7, 2021 order in part, as to Mendez and Rivera, and affirm in part,

14

as to Arias.  We vacate the April 4, 2022 and May 6, 2022 orders as to Mendez, Rivera, and Arias.[8]

### F.    Point of Error H.

Plaintiffs' point of error H contends that the circuit court erred in entering its October 15, 2021 order granting Dow and the Dole Defendants' motion to exclude the report and testimony of the Plaintiffs' expert David Sullivan (**Sullivan**). The Plaintiffs' opening brief fails to make any argument regarding the exclusion of Sullivan's opinions.  Pursuant to HRAP Rule 28(b)(7), Plaintiffs' point of error H is therefore waived.

### G.    Point of Error J.

Plaintiffs' point of error J contends that the circuit court erred in its April 25, 2022 order denying Mendez and Rivera's motion to sever and abate their claims until the lifting of COVID-19 travel restrictions.  Mendez and Rivera filed the motion to sever and abate on February 15, 2022, concurrently with their memorandum in opposition to the Del Monte Defendants' MSJ as to Mendez and Rivera's claims.  Mendez and Rivera sought to sever and abate their claims so that, following the lifting of COVID-19 restrictions, they could

---

[8]    We vacate the circuit court's dismissal of Mendez, Rivera, and Arias' claims only as to Dow and Del Monte Fresh Produce N.A., Inc; Mendez, Rivera, and Arias stipulated to the dismissal with prejudice of all of their claims against Del Monte Fresh Produce (Hawai'i) Inc.

develop evidence to oppose the Del Monte Defendants' MSJ and Dow's joinder. Plaintiffs' point of error J is moot in light of our vacatur of the circuit court's April 4, 2022 order granting the Del Monte Defendants' MSJ as to Mendez and Rivera.

**H.      Point of Error K.**

Plaintiffs' point of error K contends that the circuit court erred in entering its May 6, 2022 order granting Dow's motion to exclude the report and testimony of the Plaintiffs' toxicology expert Michael DiBartolomeis (**DiBartolomeis**). DiBartolomeis' report and testimony relate to Arias, and opines that Arias' DBCP exposure was responsible for Arias' infertility and his wife's miscarriages. In excluding DiBartolomeis' testimony, the circuit court found that "[t]here [was] an absence of evidence in the record of [Arias'] exposure to DBCP."

In Section II.E., supra, we concluded that Arias' deposition testimony raises genuine issues of material fact as to his alleged exposure to DBCP while working six to seven days a week for over two years on the Del Monte Defendants' plantations, and the adverse effects of this alleged exposure on his health. We therefore vacate the circuit court's May 6, 2022 order.

**I.      Point of Error L.**

Plaintiffs' point of error L contends that the circuit court erred in entering its May 6, 2022 order excluding the

report and testimony of the Plaintiffs' air modeling expert Andrew Gray (**Gray**).

Under HRCP Rule 37(b)(2)(B), a court may impose sanctions, including prohibiting the introduction of matters into evidence, for failing to comply with an order regarding discovery.  A trial court's decision to admit or exclude expert testimony is reviewed for abuse of discretion.  <u>Tabieros v. Clark Equip. Co.</u>, 85 Hawaiʻi 336, 391, 944 P.2d 1279, 1334 (1997).  We determine that the circuit court did not abuse its discretion in finding that Gray's report was untimely.

On January 9, 2020, the Plaintiffs identified specific expert witness reports that they stipulated would be due either by January 15, 2020 or by January 29, 2020.  On June 23, 2021, the parties expressly stipulated as to a new pretrial deadline of October 15, 2021 with specific regard to **"Plaintiffs' legal causation and damages witnesses including expert reports** and supplemental expert reports **based on newly developed evidence** for Plaintiffs [Arias], Torres [Hernandez], Mendez, and Rivera."  (Emphasis added.)

The Plaintiffs represent that they produced Gray's report on October 15, 2021.  The report was not based on newly discovered evidence relating to Arias, Torres Hernandez, Mendez, and Rivera.  Gray instead relied on prior findings and reports from other experts, including Sullivan, the Plaintiffs' expert,

17

and Charles Faust, the Defendants' expert.  Thus, the October 15, 2021 deadline did not apply to Gray's report.

For the foregoing reasons, we conclude that the circuit court did not abuse its discretion by excluding Gray's testimony, and we affirm the circuit court's May 6, 2022 order.

### J.    Point of Error M.

Plaintiffs' point of error M contends that the circuit court erred in entering its July 22, 2021 minute order granting Dow's motion for partial summary judgment on the Plaintiffs' punitive damages claim.  The circuit court's minute order is not appealable.  See Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawaiʻi 319, 321 n.3, 966 P.2d 631, 633 n.3 (1998).  We therefore do not consider this point of error.

## III. Conclusion

We affirm in part and vacate in part the circuit court's Final Judgment, and remand for further proceedings consistent with this memorandum opinion.[9]

DATED: Honolulu, Hawaiʻi, September 22, 2025.

On the briefs:
Keith M. Kiuchi,                          /s/ Karen T. Nakasone
Scott M. Hendler (pro hac                 Chief Judge
vice)
(Hendler Flores Law, PLLC),               /s/ Sonja M.P. McCullen
for Plaintiffs-Appellants.                Associate Judge

---

[9]    Pursuant to HRAP Rule 34(c), Plaintiffs-Appellants' July 11, 2025 Motion for Retention of Oral Argument is denied.

Melvyn M. Miyagi,
for Defendant/Third-Party
Plaintiff-Appellee
Dole Food Company, Inc.,
and for Defendants-Appellees
Dole Fresh Fruit Company,
Standard Fruit Company, and
Standard Fruit and Steamship
Company.

David W.H. Chee,
for Defendants-Appellees
Del Monte Fresh Produce N.A.,
Inc. and Del Monte Fresh
Produce (Hawai‘i) Inc.

Steven L. Goto,
for Defendant-Appellee
Dow Chemical Company.

Wendell H. Fuji,
for Defendant-Appellee
Shell Oil Company.

/s/ Kimberly T. Guidry
Associate Judge